IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:26cv136-MHT |
| | ) | (WO) |
| W. KEITH WATKINS, Judge; | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

Plaintiff John White, a pro se individual incarcerated in a state prison, filed this lawsuit against two federal judges and two public defenders. White seeks to hold the defendants liable for alleged violations of the Eighth and Fourteenth Amendments stemming from his sentencing under the Armed Career Criminal Act, his later resentencing, and a later revocation of supervision. As relief, he requests at least two million dollars in damages. The court has subject-matter jurisdiction under 28 U.S.C. § 1331. This case is before the court on an initial review of

the complaint under 28 U.S.C. § 1915a. For the following reasons, the claims against the defendant federal judges will be dismissed with prejudice.

## I. Legal Standards

28 U.S.C. § 1915a requires courts to "review ..., as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The statute also directs courts to

> "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915a(b).

In reviewing the complaint, the court must keep in mind that documents filed by pro se litigants are "'to

2

be liberally construed,' ..., and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)).

## II. Complaint's Allegations

In his complaint (Doc. 1) and its attachment (Doc. 1.1), White asserts that, in 2007, one of the defendant federal judges sentenced him to 19 years and 7 months of incarceration under the Armed Career Criminal Act. White's public defender had told him that he could expect a sentence of less than three years, and the presentence investigation report had said the same thing. After being transferred to state court to face charges there, a state-court judge sentenced him to 10 years concurrent with his federal sentence, after which White was sent to state prison. After completing over

3

five years in state prison, he was sent to a federal prison.

In 2017, White was brought back to federal court for a sentence reduction, and one of the defendant judges reduced his sentence to 10 years based on the realization that the Armed Career Criminal Act did not apply to him.  In 2025, White was brought to court for a "probation revocation," but he was never supposed to be on "probation."  Complaint (Doc. 1-1) at 3.  White was sentenced to two more years in federal prison.  The complaint wraps up with the following conclusions: "[T]he federal courts are acting in collusion not following federal guidelines not proper calculating over times.  And they are going beyond their jurisdiction."  *Id.*

## II. Analysis

White submitted his complaint on a form used by state prisoners to file federal lawsuits.  He checked a

box on the form indicating that he was bringing his claims under 42 U.S.C. § 1983. Section 1983 authorizes lawsuits against individuals who act "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). The federal judges named as defendants exercised power possessed under federal, not state, law. Federal officials who are alleged to have violated the constitution in the performance of their official duties must be sued under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Construing the complaint liberally,

5

the court will treat White's claims as brought under *Bivens*.

In both § 1983 and *Bivens* actions, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978); citing *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996)). This immunity is broad: "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 357.

Following these precepts, courts apply a two-part test to determine whether a judge is entitled to immunity from damages. First, courts ask "whether the judge dealt with the plaintiff in a judicial capacity. If the judge was not dealing with the plaintiff in a

judicial capacity, then there is no immunity." *Simmons*, 86 F.3d at 1084 (citations omitted). Second, courts ask "whether the judge acted in the 'clear absence of all jurisdiction.'" *Id.* at 1085 (quoting *Stump,* 435 U.S. at 357). If the judge acted in "the clear absence of all jurisdiction over the subject-matter," *Stump*, 435 U.S. at 356), then judicial immunity is unavailable. Conversely, if the judge dealt with the plaintiff in a judicial capacity and the challenged actions took place in a case over which the judge had subject-matter jurisdiction, then the judge is protected by absolute judicial immunity.

Here, White complains of decisions the defendant judges made while handling his federal criminal case, particularly in sentencing him, resentencing him, and revoking his "probation." In sentencing White and handling a revocation proceeding, the judges clearly dealt with him in their judicial capacities. *See Simmons*, 86 F.3d at 1085 (finding judge who had

7

excluded the plaintiff from his courtroom during a court hearing dealt with the plaintiff in a judicial capacity).

Turning to the second question, as the assigned judges on White's criminal case, the defendant judges clearly had jurisdiction to sentence White, and there are no allegations suggesting otherwise.  While White stated in the complaint that the judges "are going beyond their jurisdiction," Complaint (Doc. 1-1) at 3, this statement is a legal conclusion that the court need not accept as true, and which must be supported by factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. ... While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

The only factual allegations in the complaint that

8

go to the absence of jurisdiction are White's statements in the complaint that his "probation" was revoked on November 10, 2025, but that he had not previously been sentenced to probation. *See* Complaint (Doc. 1-1) at 3. However, when considering whether to dismiss a complaint, "a court can take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Campo v. Granite Servs. Int'l, Inc.*, 584 F. Supp. 3d 1329, 1334 (N.D. Ga. 2022) (Totenberg, J.) (internal quotation marks omitted) (quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (citing Fed. R. Evid. 201(b))). The court takes judicial notice of the official court record in White's federal criminal case, 2:05-cr-00132-WKW *USA v. John Edward White* (M.D. Ala.). The record reflects that, on November 10, 2025, one of the defendant judges revoked White's three-year term of

supervised release and sentenced him to a term of 24 months' imprisonment.    *See* Judgment on Revocation, 2:05-cr-00132-WKW *USA v. John Edward White* (M.D. Ala.) (Doc. 218); Amended Judgment, *id.* (Doc. 132) (imposing term of three years of supervised release after incarceration).    Thus, White's claim that the judge revoked his "probation" is simply not true.    Based upon review of the record from White's criminal case, the court finds that the defendant judge had jurisdiction to revoke White's supervised release, just as the defendant judges had jurisdiction to sentence White.

In sum, the defendant judges are entitled to absolute judicial immunity from White's claims against them, and the court must dismiss those claims from the complaint because White "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915a(b)(2).

10

An appropriate dismissal order will be entered.

DONE, this the 10th day of March, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

11